# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD, et al., | No. 2:16-cv-0036-KJM-CMK-P |
| Petitioner, | |
| vs. | <u>FINDINGS AND RECOMMENDATION</u> |
| AMERICAN CORRECTIONAL SOLUTIONS, et al., | |
| Respondent. | |

Petitioner, a pretrial detainee proceeding pro se, brings this petition for a writ of habeas corpus on behalf of his cellmate, Marco Barrera, also a pretrial detainee.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

Here, there are several defects in the petition as filed. First, petitioner does not have standing to bring this action on behalf of another inmate. Assuming petitioner had intended to proceed on a "next friend" status, petitioner does not meet the prerequisites for "next friend" standing. There are two prerequisites to "next friend" standing:

> First, a next friend must provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute

> the action. Second, the next friend must be truly dedicated to the best interest of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest. The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of this court.

Whitmore v. Arkansas, 495 US 149, 163-64 (1990) (citations omitted). Here, petitioner fails to provide an adequate explanation as to why Mr. Barrera is incapable of representing himself. Petitioner indicates Mr. Barrera is suffering from medical problems, but there is nothing in the petition to indicate Mr. Barrera has mental disabilities or is otherwise unable to appear on his own behalf. In addition, there is nothing in the petition to suggest there is any significant relationship between petitioner and Mr. Barrera, nor does petitioner explain his interest in this action. Therefore, even if petitioner was attempting to proceed as a "next friend," he has not met the prerequisits and therefore has no standing to proceed in this action. See id.

Second, even if petitioner had standing for this action, it is clear from the face of the petition that neither petitioner nor Mr. Barrera are entitled to federal habeas relief. When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that "when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983"). Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel,

645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (discussing the impact of a prison disciplinary violations in determining suitability for parole). Thus, 28 U.S.C. § 2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

Here, the issue raised in the petition appears to be the medical treatment Mr. Barrera needs but is not receiving. The claim, therefore, is a challenge to the conditions of confinement, and would necessarily be raised, if at all, in an action brought pursuant to 42 U.S.C. § 1983. There may be times where it is possible to construe a petition for habeas corpus to plead a cause of action under § 1983, but this is not the case. See Nettles, 830 F.3d at 936. Given the issue of standing discussed above, the respondents named, and the claims raised, and the different exhaustion requirements under the Prison Litigation Reform Act (PLRA), the undersigned does not find this case amenable to such conversion.

Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE